**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

TERRY M. GIVENS,                                                                    PLAINTIFF
#74228

v.                                        4:24CV00091-BSM-JTK

GORE, et al.                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.   Any party may file written objections to all or part of this Recommendation.    If

you do so, those objections must: (1) specifically explain the factual and/or legal basis for your

objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this

Recommendation.    By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

## I.      Introduction

Terry M. Givens ("Plaintiff") is in custody at the Faulkner County Detention Center (the

"Detention Center").   He filed a pro se complaint[1] pursuant to 42 U.S.C. § 1983 and a Motion

to Proceed in forma pauperis, which the Court granted.   (Doc. Nos. 1-3).   The Court must screen

Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis

statute.

---

[1] Three other individuals are listed as plaintiffs on the Complaint. (Doc. No. 2 at 1-2).   The Clerk of the Court opened a separate action for each additional plaintiff.   The related cases are Taylor v. Gore, et al., 4:24-cv-00092-BSM-JTK (E.D. Ark.), Coleman v. Gore, et al, 4:24-cv-00093-BSM-JTK (E.D. Ark.); and Forrester v. Gore, et al, 4:24-cv-00094-BSM-JTK (E.D. Ark.).

## II.    Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).    See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

### A.    Plaintiff's Complaint

Plaintiff sued Corporals Gore and Dowdy, along with Officers Phelps and Nips and one unidentified Doe Defendant (collectively, "Defendants"), in their personal and official capacities. (Doc. No. 2 at 1-3).    Plaintiff's statement of claim reads, in its entirety:

From 12/31/2023 to 01/01/2024 all inmates were placed on 23/1 lockdown per Sgt. Howard.    On 01/01/2024 at approx. 6:21 a.m. and again at approx. 8:05 a.m. male housing trustees "unit 2" were ordered to clean urine from the feeding hall, "H11 and H15" Barracks per Corporal Gore for 1 extra cigarette between 4 trustees by the names of Larry Coleman, Larnell Taylor, Darian Watson, and Chaize Charles Pilgrim, which would be considered bribery.    It is stated per Lt. Collins of Faulkner County Sheriff's Office that male trustees are not to clan blood, bodily fluids, or human fecal matter.    Which in turn has caused irreparable damage of direct order by staff on shift at the time and of my character by doing so.    Breach of rules and orders has been forcibly broken.    Please advise this infraction.    Officers on duty: Corporal Dowdy, Officer Nips, Corporal Gore, Officer Phelps, Officer Pappy.

(Id. at 6).    Plaintiff also provided the names of individuals who witnessed the event; Plaintiff identified himself as a witness.    (Id. at 6-7).

Plaintiff does not specify the relief he seeks.    (Id. at 8).

**B.    Plaintiff May Not Represent the Rights of Others**

Plaintiff claims Defendants acted unlawfully towards certain trustees at the Detention Center.    Plaintiff included three of these detainees as additional plaintiffs in the Complaint; no one other than Plaintiff signed the Complaint.    (Id. at 1-2, 8).    Pro se litigants generally are not authorized to represent the rights, claims and interests of other parties in any cause of action. Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); cf. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").    To the extent Plaintiff seeks to bring claims on the behalf of others, those claims fail.

**C.    No Personal Harm**

As mentioned above, Plaintiff identified himself as a witness to Defendant Gore's actions. (Doc. No. 2 at 6).    Plaintiff has not alleged that Defendant Gore or any other Defendant acted unlawfully towards Plaintiff.

"[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Hollingsworth v. Perry, 570 U.S. 693, 704 (2013). See also 42 U.S.C. § 1983 (establishing liability "to the party injured"). To the extent a plaintiff alleges that a defendant's actions harmed others, the plaintiff generally lacks standing to bring that claim. Instead, a plaintiff is generally limited to claims involving his own personal harm. Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (internal citation omitted)). Because Plaintiff has not alleged any personal harm—past or foreseeable—his claims fail.

### D.    No Relief Sought

Plaintiff did not specify any relief sought. (Doc. No. 2 at 8). Rule 8 of the Federal Rules of Civil Procedure makes clear that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Without a demand for relief, Plaintiff's Complaint does not meet the standards of Rule 8.

### E.    Personal Capacity Claims Under 42 U.S.C. § 1983

Plaintiff's claims fail for the additional reasons set out below.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because

vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

### 1.      Defendants Dowdy, Nips, Phelps, and Doe

Plaintiff named Dowdy, Nips, Phelps, and Doe as Defendants.    (Doc. No. 2 at 1-3).   The only allegation of fact that Plaintiff made against these Defendants is that they were on duty on the morning of January 1, 2024.   (Id. at 6).   This allegation does not rise to the level of a constitutional violation.

### 2.      Defendant Gore

Plaintiff alleged that on January 1, 2024, at 6:21 a.m. and 8:05 a.m., Defendant Gore ordered certain trustees to "clean urine from the feeding hall" in exchange for one cigarette between the four of them.   (Id. at 6).   While Plaintiff maintains Defendant Gore's actions constitute bribery, this allegation does not rise to the level of a constitutional violation.   Plaintiff also asserts Defendant Gore violated Detention Center policy by directing the detainees to clean up the urine.   But the violation of Detention Center rules and polices, without more, also does not rise to the level of a constitutional violation.   Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003); Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy").

Plaintiff identified himself as a pretrial detainee, convicted prisoner, and as "in jail for other reasons."   (Doc. No. 2 at 6).   But Plaintiff provided no factual allegations to indicate Defendant Gore acted with deliberate indifference or to punish Plaintiff.   See Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (defendant must act with deliberate indifference to the health or safety of

the prisoner); <u>Stearns v. Inmate Services Corp</u>., 957 F.3d 902, 907 (8th Cir. 2020) (pretrial detainees protected under Due Process Clause of the Fourteenth Amendment against conditions that amount to punishment).    As such, there is no basis for liability against Defendant Gore.

### F.    Official Capacity Claims Under 42 U.S.C. § 1983

To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury.  <u>Corwin v. City of Independence, Missouri</u>, 829 F.3d 695, 699 (8th Cir. 2016) (<u>citing</u> <u>Monnell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978); <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 389 (1989)).   Plaintiff's official capacity claims fail because he has not alleged that a policy or practical was the driving force behind the alleged violations.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2.    The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. <u>Gonzalez v. United States</u>, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

  3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

  Dated this 7th day of February, 2024.

                    _____

                    JEROME T. KEARNEY
                    UNITED STATES MAGISTRATE JUDGE